

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 7, 1955

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. S-173

Re: Application of the Chain
Store Tax Act, Article
1111d, Vernon's Penal Code,
to canneries under certain
circumstances.

Dear Mr. Calvert:

You have requested the opinion of this office upon four questions, which are as follows:

"1. A canning plant obtains raw materials, processes such materials and places them in cans, being a processing and preserving manufacturer. The wording in the statute provides an exemption fee for manufacturers distributing their own manufactured products. Would a canning plant or processing plant be considered a 'manufacturer'?

"2. A canning plant does not sell its canned goods either at retail or wholesale levels in the usual sense of the word, but are dependent upon others to distribute the products that they have processed. Food brokers represent the canner in all principal markets and it is the food broker that actually arranges the sale of the processed food to some distributor, usually a wholesale grocer. Would the place in question be liable for payment of either store tax or exemption tax?

"3. A canning plant actually distributes its own manufactured or processed canned goods not through a wholesale or retail store but through sales made by a salesman or agent of the plant, with shipments being made from the plant or from a separate warehouse used for storage only, would either a store license or exemption license be required?

"4. A manufacturing plant holds a store license. A warehouse located in a vicinity some distance from the plant is maintained for

storage of his own manufactured products ex-
clusively and from which no sales are made.
Trucks operated by the manufacturer usually
load first at the plant, call on the trade,
make deliveries, and then pick-up additional
merchandise from the warehouse established
as a convenience to the trucks in its area.
Trucks owned by the manufacturer are the only
ones permitted to pick up merchandise from
the warehouse and all sales are made from
the trucks after calling on the trade. Would
the manufacturer be liable for payment of
exemption tax on the warehouse as a distri-
buting point?"

All four questions concern a clause found in Sec-
tion 5 of Article 1111d, Vernon's Penal Code, or the Chain
Store Tax Act, which clause is as follows:

"Provided that the term 'store, stores,
mercantile establishment, and mercantile estab-
lishments,' wherever used in this Act shall
not include: . . . any place or places of busi-
ness used as bona fide wholesale or retail dis-
tributing points by manufacturing concerns for
distribution of products of their own manu-
facture only; . . . ."

Your first question is answered in the affirmative.
The word "manufacturer" being undefined by the Act, it is to
be given its commonly accepted meaning, which undoubtedly in-
cludes canning plants. Reference to Webster's New Inter-
national Dictionary, Second Edition, will confirm this view.

The answers to the remaining three questions are
governed by the decision of the Supreme Court of Texas in the
case of Hurt v. Cooper, 130 Tex. 433, 110 S.W.2nd 896 (1937),
in which it was held that stores operated by a manufacturer
for the sale of its own products are not exempted from the
requirement of store licenses and payment of license fees if
such stores fall within the definition of the word "store"
which is found in Section 7 of Article 1111d.

The court recognized that although the practical
effect of its decision probably rendered the entire clause
surplusage, there could nevertheless be places of business
operated as mere distributing points wherein no sales were
made which would come within the exemption, and added that
such distributing points would not have come within the pro-
visions requiring a store license, since they are not stores,
even without the exemption.

Subsequent to the decision in <u>Hurt v. Cooper</u>, supra, in 1951, the Legislature provided by the addition of Subsection (c) to Section 5 of Article 1111d that "all those establishments," with one exception, exempted from the store license requirement by Section 5 shall be required to pay an exemption fee. The effect, therefore, is to tax a type of establishment as an exempt class of store, which establishment was not a store in the first place by virtue of the definition in Section 7. Regardless of this seeming inconsistency, the Legislature has seen fit to impose a tax which it chooses to designate an exemption fee upon certain enumerated places of business which it certainly has the power to tax if it so desires.

Therefore, applying the law as it is pronounced in <u>Hurt v. Cooper</u>, supra, we proceed to the three remaining questions.

Under the facts presupposed in Question No. 2, the canning plant does not constitute a store since no sales are made therein and is not liable to pay a store license fee. It will or will not be required to pay the exemption fee, depending upon whether or not a distributing point is located at the plant. If a warehouse or other storage facilities are maintained on the plant premises for the cannery's products pending sale and from which the orders placed by the food brokers are filled, then the exemption fee is applicable to such facilities as a distributing point. We know of nothing to prevent at the same location the existence of a manufacturing plant and a distributing point.

Question No. 3 is answered in the same way. The separate warehouse would certainly be subject to the exemption fee as would any facilities used for storage at the plant if the canned goods are stored at either place pending sale.

The answer to Question No. 4 is that the warehouse, from the facts you have stated, would certainly constitute a distributing point and would be subject to the exemption fee but not the store tax, no sales having been made therein.

### SUMMARY

A canning plant is a manufacturer in the common acceptation of that term as used in Section 5 of Article 1111d, Vernon's Penal Code, or the Chain Store Tax Act.

Under the facts submitted, a canning plant is not required to pay a store license tax where no sales are made at the plant. The liability for an exemption fee depends upon whether a distributing point is located at the plant. If it is a distributing point for the canning plant's products the exemption fee applies. A warehouse which constitutes a distributing point is subject to the exemption fee.

APPROVED:

L. P. Lollar
Taxation Division

John Atchison
Reviewer

J. A. Amis, Jr.
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

Royston S. Lanning
Assistant